## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

**Petitioner,**

v.                                                                  CASE NO. 23-3118-JWL

KRIS W. KOBACH[1],

**Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) When Petitioner filed his petition, he failed to either pay the statutory filing fee or file a motion for leave to proceed in forma pauperis. (*See* Doc. 2.) Petitioner has now filed a motion for leave to proceed in forma pauperis (Doc. 3) and a "Motion Commencing Illegal Sentence Vacated" (Doc. 4.) The Court has reviewed both motions and has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] The motion for leave to proceed in forma pauperis (Doc. 3) will be granted. The "Motion Commencing Illegal Sentence Vacated" (Doc. 4) appears to be notification that Petitioner has satisfied the requirements of the NOD, but it does not expressly seek relief. Thus, it will be denied without prejudice.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

For the reasons explained below, the Court concludes that the petition in this matter seeks relief only available under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. As such, it is an unauthorized second or successive § 2254 petition, which the Court must dismiss for lack of jurisdiction. Even if the Court treats this matter as seeking relief under § 2241, it is subject to dismissal for failure to state a claim on which relief can be granted. The Court will grant Petitioner the opportunity to show cause why this matter should not be dismissed.

## Background

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2.

Petitioner has previously filed habeas corpus actions in this district challenging both his 1989 and 2017 convictions. *See, e.g., Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 46 (D. Kan. June 13, 2022) (denying habeas relief from 2017 conviction sought under 28 U.S.C. § 2254), *cert. of app. denied* Nov. 23, 2022 (10th Cir.); *Davis v. Brownback, et al.*, Case No. 14-cv-3144-SAC-DJ, Doc. 21   (D. Kan. Oct. 13, 2015) (dismissing habeas challenge to 1989 convictions sought under 28 U.S.C. § 2254 and noting previous habeas actions challenging the same), *cert of app. denied* May 9, 2016 (10th Cir.). Petitioner filed the current petition for habeas relief on May 8, 2023, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241. (Doc. 1.)

In Ground One of the petition, Petitioner asserts that he may seek relief under § 2241 because he is in custody in violation of his Sixth Amendment right to the assistance of counsel due to the fact that the State of Kansas lacked jurisdiction to prosecute him. (Doc. 1, p. 7-8.) In Ground Two, Petitioner asserts that § 2241 relief is available to him because he is challenging his 1988

2

"preconviction [*sic*] unconstitutional custody" that was in violation of his Fourteenth Amendment right to due process since he is innocent. *Id.* at 8. In Ground Three, he asserts that § 2241 relief is available to him because newly discovered evidence in February 1989 rendered his preconviction custody null and void and violated his First Amendment rights to free speech, the freedom of the press, and to petition the government for redress of his grievance. *Id.* In Ground Four, Petitioner claims that he was compelled in his 1988 case to be a witness against himself and he was deprived of due process, in violation of the Fifth Amendment. *Id.* at 9. As relief, Petitioner seeks a writ of habeas corpus pursuant to § 2241, an evidentiary hearing, or an order to Respondent directing him to show cause why the writ should not be granted. *Id.*

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review of the petition and finds that despite being filed on the form for petitions seeking relief under § 2241, this matter alleges grounds for relief only actionable under § 2254.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 may be "'used to attack the execution of a sentence . . . .'" *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 may challenge "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). In addition, 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

Although Petitioner refers to pretrial and "preconviction [*sic*]" detention in the petition, the

substance of his petition challenges his convictions. Ground One of the petition attacks the State's jurisdiction to prosecute him in the 1988 case. Because that prosecution resulted in a conviction, it must be brought under § 2254. *See Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921 (10th Cir. 2008) ("In its current posture [after Mr. Yellowbear had been convicted in state court], Mr. Yellowbear's claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence. His petition must therefore be brought under § 2254."). Similarly, Ground Four, which alleges a Fifth Amendment violation during trial, is a challenge to Petitioner's convictions, which must be brought under § 2254.

Ground Two and Ground Three challenges the State's right to hold him in custody before and during his trial. But "[c]laims regarding pre-trial detention are generally mooted by a subsequent conviction." *Mallish v. Raemisch*, 662 Fed. Appx. 584, 587 (10th Cir. 2016) (unpublished) (citing *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982)). There is an exception to this general rule when the claims asserted are "'capable of repetition, yet evading review,'" Petitioner has not alleged facts that show "'a reasonable expectation that [he will] be subjected to the same action again." *Mallish*, 662 Fed. Appx. At 587 (quoting *Murphy*, 455 U.S. at 482). Thus, if the Court treats the petition now before it as one brought under § 2241, it is subject to dismissal because Grounds One and Four assert only grounds for relief that must be brought under § 2254 and Grounds Two and Three assert only claims which are moot.

In the alternative, the Court could construe this matter as one seeking relief under § 2254. *See Yellowbear*, 525 F.3d at 924 (citing *Castro v. United States*, 540 U.S. 375, 377 (2003), as "recognizing long-standing practice of federal courts to treat request for habeas relief under proper statutory section where pro se prisoner has labeled the petition differently"). It is clear from the petition, however, that Petitioner adamantly objects to the Court doing so. (Doc. 1, p. 3, 7-9.) In addition, as Petitioner is aware, any § 2254 petition challenging his 1989 convictions at this point is a successive petition over which this Court lacks jurisdiction unless Petitioner first obtains authorization from the Tenth Circuit to proceed. *See*, *e.g.*, *Davis v. Brownback, et al.*, Case No. 14-cv-3144-SAC-DJ, Doc. 21 (D. Kan. Oct. 13, 2015) (dismissing § 2254 challenges to 1989

convictions as abusive, unauthorized, and successive), *cert of app. denied* May 9, 2016 (10th Cir.).

As a final note, the Court will address two additional points in the petition. First, Petitioner asserts that in a previous case, this Court erred by recharacterizing a habeas petition filed on § 2241 forms as being brought under § 2254. This assertion is incorrect. In *Castro*, the Supreme Court held that where federal law imposes restrictions on the filing of a second or successive federal habeas petition, a federal court cannot recharacterize a pro se litigant's pleading as his or her *first* federal habeas petition without first giving notice to the litigant and allowing time for a response to the potential recharacterization. 540 U.S. at 377. But Petitioner's *first* § 2254 petition challenging his 1989 convictions was dismissed as time-barred in 2003. *See Davis v. McKune, et al.*, Case No. 3-3378-SAC, *cert. of app. denied* July 21, 2004 (10th Cir.). Thus, any recharacterization at this point of Petitioner's various filings, regardless of the forms on which he files them, as a petition seeking relief under § 2254 does not run afoul of controlling law because it imposes no additional restrictions on future § 2254 petitions.

Moreover, as the Tenth Circuit has noted, petitioners cannot circumvent restrictions on second-or-successive applications for relief by filing them labeled as seeking relief under another statute or rule. *See United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004), which stated, "Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls"). As that rule applies to Petitioner, he may not circumvent the restrictions on unauthorized successive § 2254 petitions by challenging the validity of his convictions on a form approved for seeking habeas relief under § 2241.

Second, Petitioner asserts that before this Court may hold that a § 2254 petition is unauthorized and second or successive, the respondent to the petition must raise this argument as a defense. In other words, Petitioner contends that this Court may not sua sponte dismiss for lack of jurisdiction. But the lack of jurisdiction that exists when a pro se litigant files in this Court an

5

unauthorized second or successive § 2254 petition is not an affirmative defense that must be raised by a federal habeas respondent. Rather, this Court has an independent duty to determine whether it has jurisdiction over cases brought before it. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. [Citation omitted.] Subject-matter jurisdiction can never be waived or forfeited."); *Havens v. Colo. Dept. of Corrections*, 897 F.3d 1250, 1258-59 (10th Cir. 2018); Rules Governing § 2254 Cases in the United States District Courts, Rule 4 (requiring judge to "promptly examine" a federal habeas petition and dismiss it "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court").

For all of the reasons stated above, this matter is subject to dismissal in its entirety.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 3) is **granted** and the "Motion Commencing Illegal Sentence Vacated" (Doc. 4) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including July 6, 2023, in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 6th day of June, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge