IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                       **Petitioner,**

     v.                                                           **CASE NO. 23-3118-JWL**

DAN SCHNURR,

                       **Respondent.**

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) On June 6, 2023, the Court issued a Notice and Order to Show Cause (NOSC). (Doc. 5) explaining that the petition seeks relief only available under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. If considered under § 2254, it is an unauthorized second or successive petition, which the Court must dismiss for lack of jurisdiction. If considered under § 2241, it is subject to dismissal for failure to state a claim on which relief can be granted. Thus, the NOSC granted Petitioner to and including July 6, 2023, in which to show cause why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted.

      On June 12, 2023, Petitioner filed a letter to the Court with several attached documents. (Doc. 6.) The Court has carefully reviewed the filing and has liberally construed it, as is appropriate since Petitioner proceeds pro se. Even doing so, nothing in the letter or the attachments shows good cause why this Court should not dismiss this matter for the reasons set forth in the NOSC. Accordingly, the Court will dismiss this matter without prejudice for the reasons set forth in the

NOSC—failure to state a plausible claim for federal habeas relief under 28 U.S.C. § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim for relief under 28 U.S.C. §2241. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 10th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge